# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE F. WOJCIECHOWSKI, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 1:17-cv-00240-C |
| NANCY A. BERRYHILL, | : | |
| Defendant. | : | |

## FINAL JUDGMENT

Social Security Claimant/Plaintiff Leslie F. Wojciechowski brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her applications for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")).

Upon consideration of the briefs of the parties, (Docs. 13 & 20), the administrative record, (Doc. 10), the arguments that were presented during the hearing that was held on June 14, 2018, (*see* Doc. 26), and for those reasons

announced by the Court on the record during the hearing, the decision of the Commissioner of Social Security should be reversed, and the case should be remanded for further proceedings.

Vocational expert James N. Cowart ("VE Cowart"), who appeared at the hearing before the ALJ, on April 18, 2016, was posed with a hypothetical by the ALJ that assumed an individual of Plaintiff's age, education, and past job history; who is limited to the medium level of exertion; who is not able to climb ladders, ropes, or scaffolds; who can frequently climb ramps or stairs, stoop kneel, crouch, and crawl; who is able to be occasionally exposed to pulmonary irritants including dust, fumes, odors, and gases; and who cannot be exposed to unprotected heights or hazardous machinery. VE Cowart opined the hypothetical individual could not perform Plaintiff's past job as a registered nurse because of the restrictions in regard to pulmonary irritants, but the individual could perform unskilled work as a checker-in, linen room attendant, and laundry worker. VE Cowart opined, within the limitations of the hypothetical, there would not be transferable skills, but if the pulmonary irritants restrictions were removed from the hypothetical, there would be transferable skills.

At the second hearing that was held on August 17, 2016, the ALJ elicited testimony from another vocational expert, Eric Anderson ("VE Anderson"). When VE Anderson was posed with the ALJ's hypothetical that was posed to VE Cowart with the modification that the hypothetical individual could occasionally be able to climb ramps or stairs, stoop, kneel, crouch, crawl, and reach overhead with the left

2

upper extremity, VE Anderson opined the hypothetical individual could perform Plaintiff's past job as a registered nurse and there were transferable skills at the medium and light exertional levels. At the light exertional level, VE Anderson opined the hypothetical individual would be able to perform the jobs of school nurse, office nurse, and industrial nurse.

At the fourth step of the five-step, sequential evaluation process, the ALJ found Plaintiff is unable to perform her past relevant work as a registered nurse and stated the vocational expert testified Plaintiff could not perform her past relevant work with her residual functional capacity. Given the contradictions between the testimony of VE Cowart and VE Anderson, and how the ALJ's decision is unclear upon which of the vocational experts' testimony she relied when she determined whether Plaintiff could perform her past work and if Plaintiff had transferable skills, the ALJ's decision is not supported by substantial evidence.

Therefore, it is hereby **ORDERED** this case is **REVERSED** and **REMANDED** for further proceedings.[1] [2]

**DONE** and **ORDERED** this the 19th day of June 2018.

---

[1] Any appeal taken from the judgment herein shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 24 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

[2] Because the Court determines the decision of the Commissioner should be reversed and remanded for further proceedings based on Plaintiff's first claim of error in regard to the ALJ's failure to resolve discrepancies in testimony of the vocational experts, there is no need for the Court to consider Plaintiff's other claims of error. *See Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**