# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LESLIE F. WOJCIECHOWSKI, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. 1:17-cv-00240-C |
| NANCY A. BERRYHILL, | : |
| Defendant. | : |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A), Federal Rules of Civil Procedure, (hereinafter "FRCP" followed by the Rule number) on Plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 35). Upon consideration of all pertinent materials contained in this file, it is determined Plaintiff should receive a reasonable attorney's fee in the amount of $3,971.29 under the EAJA for legal services rendered by her attorney in this Court, *see Astrue v. Ratliff*, 560 U.S. 586, 592 & 593, 130 S. Ct. 2521, 2526-27, 177 L. Ed. 2d 91 (2010) ("Ratliff . . . asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is . . . that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Kills Ree) attorney's fees in the amount sought and substantiated under, *inter alia*, subsection (d)(1)(B). . . . The fact that the statute awards to the

prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite-it 'awards' the fees to the litigant[.]"); *Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").[1]

## **FINDINGS OF FACT**

On June 19, 2018, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 31). The application for an award of attorney's fees and expenses under the EAJA was filed on September 10, 2018, (Doc. 32), eighty-three (83) days after entry of final judgment (*compare id. with* Doc. 31). In the application, Plaintiff requests attorney's fees in the amount of $3,971.29 to compensate her attorney for the time (20.30 hours) spent representing her before this Court as of the date of the filing of the fee application. (*See* Doc. 32-1). The Commissioner of Social Security filed a response to Plaintiff's motion on September 19, 2018, and therein states that she will pay Ms. Wojciechowski the

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 30 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

requested $3,971.29.   (Doc. 35, at 1).

## CONCLUSIONS OF LAW

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."   28 U.S.C. § 2412(d)(1)(A).   It is imminently clear in this case Plaintiff is a prevailing party under the EAJA[2] and the position of the United States in this case was not substantially justified, as the government has not argued otherwise in her response.   (*See* Doc. 35).

The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action.   28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of June 19, 2018, became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1), Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632, 125 L. Ed. 2d 239 (1993), that is, August 20, 2018.   The application filed in this case, (Doc. 21), bearing a date of September 10, 2018, is timely since it was filed within thirty (30) days of August 20, 2018.

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.   The Supreme

---

[2] "[A] party who wins a sentence-four remand order is a prevailing party."   *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632, 125 L. Ed. 2d 239 (1993).

Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)); *see also Jean v. Nelson*, 863 F.2d 759, 772-73 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra*, 461 U.S. at 433-34, 103 S. Ct. at 1939-40 (citations omitted); *see also id.*, at 437, 103 S. Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to

cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

In *Norman, supra*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306. Because the defendant has interposed no objection to the attorney hours claimed in Plaintiff's EAJA application, the Court finds Plaintiff's counsel reasonably spent 20.30 hours on legal tasks in this case.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess

of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-34 (citations and footnote omitted).

For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari,* CA 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. However, this Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint )/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id*. at 11, quoting Doc. 31, at 2)

The temporal midpoint in this case was December 6, 2017, the complaint

6

having been prepared and filed on May 25, 2017, (*compare* Doc. 1 *with* Doc. 31), and the Court having entered its order and judgment on June 19, 2018, (Docs. 31). The CPI-U for December 2017 was 238.512. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x238.512/152.4. Completion of this equation renders an hourly rate of $195.63.

In consideration of the foregoing, Plaintiff is to be awarded an attorney's fee in the amount of $3,971.29 under the EAJA for the 20.30 hours her attorney spent performing work traditionally performed by attorneys in social security cases.

## **CONCLUSION**

The Court **ORDERS** Plaintiff be awarded attorney's fees in the amount of $3,971.29 under the Equal Access to Justice Act, representing compensation for 20.30 hours of service by Byron A. Lassiter, Esquire, at the cost-of-living-adjusted rate of $195.63.

**DONE** and **ORDERED** this the 24th day of September 2018.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**